UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-78 |
| | ) | |
| CHRISTOPHER W. BALTIMORE, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter came before the undersigned for a competency hearing on December 14, 2009. Assistant United States Attorney Kelly A. Norris appeared as counsel for the government. Attorney Francis L. Lloyd, Jr., represented the Defendant, who was also present. The Government offered into evidence the ten (10) page forensic report entitled Competency to Stand Trial Evaluation, from the Metropolitan Correctional Center in New York, New York. The report was made a sealed exhibit. Neither the Government nor the Defendant sought to offer any other evidence for the Court to consider on the issue of the Defendant's competency. Moreover, the Defendant had no objection to the Court receiving the forensic report as an exhibit.

Pursuant to 18 U.S.C. § 4241(d) and based upon the conclusions in the report, the Court finds by a preponderance of the evidence that Defendant Baltimore is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. Accordingly, the Court finds that the Defendant is **COMPETENT** to stand trial. The Court makes no ruling with regard to whether the Defendant was sane at the time of the alleged offenses.

1

Also, at the hearing, the Court took up the matter of rescheduling the trial date now that the Defendant is back from his mental evaluation. Initially, the Court notes that the time during which the Defendant was undergoing a mental evaluation, including a reasonable time for transportation to and from that evaluation, was excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A), -(F). At the December 14 hearing, defense counsel agreed that with the question of the Defendant's competency resolved, he would now need time to consider whether pretrial motions should be filed. 18 U.S.C. § 3161(h)(1)(D). If motions are filed, the Court will need to conduct a hearing on the motions and issue a ruling or a report and recommendation. 18 U.S.C. § 3161(h)(1)(F), -(H). The parties will then need time to file any objections, and the District Court, in turn, will need time to rule upon the issues in light of the objections. 18 U.S.C. § 3161(h)(1)(H). Finally, both parties will need time to prepare the case for trial. The parties agreed on a new trial date of July 6, 2010.

The Court finds the ends of justice served by continuing the trial to July 6, 2010, outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant has been out of the district for an extended time undergoing a mental evaluation. Defense counsel needs time to review discovery with the Defendant, investigate the case, and file any necessary motions. The Court will need time to rule upon any motions, and the parties will need time to prepare for trial in light of the Court's rulings. The denial of the requested seven-month continuance would deprive the parties of sufficient time for effective preparation for trial, taking into account counsels' exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court **RESETS** the trial for **July 6**, finding that time is required to allow the parties the reasonable time necessary to prepare for trial effectively. The Court further finds, and the parties agree, that all of the time between the **December 14, 2009** hearing and the new trial date of **July 6, 2010**, shall be fully excludable as provided by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), and -(7)(A)-(B). The Defendant had previously asked the Court to extend his motion-filing deadline to a time following his competency determination. The Defendant has until **February 16, 2010**, to file any pretrial motions. The Government's responses are due on or before **March 2, 2010**. The parties are to appear for a pretrial conference and motion hearing on any pending motions on **March 23, 2010, at 9:30 a.m.** Finally, the Defendant has moved [Doc. 16] the Court to continue the plea negotiation deadline. The Government does not object to this request, and the parties agreed upon **June 7, 2010**, as the new plea negotiation deadline. In light of this agreement, the Defendant's Motion of the Defendant for a Continuance of the Plea Cut-Off [**Doc. 16**] is **GRANTED**.

Accordingly, it is **ORDERED**:

(1) The Court finds that the Defendant is **COMPETENT** to stand trial;

(2) The trial of this matter is reset to commence on **July 6, 2010, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Court Judge;

(3) All time between the **December 14, 2009** competency hearing and the new trial date of **July 6, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion-filing deadline is reset for **February 16, 2010**;

(5) Responses to pretrial motions are due on or before **March 2, 2010**;

(6) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **March 23, 2010, at 9:30 a.m.**; and

(7) The Defendant's Motion of the Defendant for a Continuance of the Plea Cut-Off [**Doc. 16**] is **GRANTED**, and the new plea negotiation deadline is **June 7, 2010**.

**IT IS SO ORDERED.**

                                      ENTER:

                                          s/ C. Clifford Shirley, Jr.
                                          United States Magistrate Judge