UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CHRISTOPHER W. BALTIMORE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:09-CR-78-PLR-CCS-1 |
| | ) | | 3:16-CV-644-PLR |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's successive petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 51]. Petitioner submitted the petition on November 3, 2016 [Doc. 48]. In it, he challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines and conviction under 18 U.S.C. § 924(c) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual provisions in Section 4B1.2 and § 924(c) are equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance

I.  **BACKGROUND**

In 2010, Petitioner pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence, in violation of § 924(c)(1)(A)(iii) [Docs. 27, 28, 33]. Based on two prior Tennessee convictions—aggravated assault and facilitation of aggravated robbery [Presentence Investigation Report (PSR) ¶¶ 48, 49], the United States Probation Office deemed Petitioner to be a career offender [*Id.* ¶ 40]. In accordance with that designation, this Court imposed an aggregate 300-month sentence on October 18, 2010 [Doc. 33]. Petitioner did not file a direct appeal his conviction or sentence.

In 2011, Petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255 [Doc. 35]. This Court denied that petition on the merits on July 24, 2015 [Docs. 44, 45]. The United States Supreme Court decided *Johnson* on June 26, 2015. On November 1, 2016, the Sixth Circuit authorized the instant successive petition for relief based on that decision [Doc. 47].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) noting the holding in *Beckles* (2)

---

offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 50]. Shortly thereafter, the United States moved to deny and dismiss the action with prejudice [Doc. 51]. Petitioner responded in opposition to dismissal and asked that this Court hold this petition in abeyance pending the Supreme Court's resolution of a writ for certiorari filed in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016)—a decision that Petitioner admits precludes any relief from his § 924(c) conviction [Docs. 54, 55]. The United States responded in opposition to the requested stay [Doc. 56].

## II. MOTION TO DENY AND DISMISS WITH PREJUDICE

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. ANALYSIS

The petition articulates two grounds for relief: the first seeks vacatur of Petitioner's aggregate sentence because *Johnson* removed facilitation of armed robbery from the definition of crime of violence in Section 4B1.2 and he lacks sufficient predicates for career offender

3

enhancement without that conviction (Ground One); the second requests vacatur of Petitioner's § 924(c) conviction because *Johnson* removed Hobbs Act robbery from the definition of crime of violence in § 924(c)(3)(B) (Ground Two) [Doc. 48].

Because the Sixth Circuit only authorized consideration of Ground One [Doc. 47 (denying leave to challenge § 924(c) conviction because Petitioner had not "made a prima facie showing that he may be entitled to relief")], this Court lacks subject matter jurisdiction over Ground Two. Further, to the extent that Petitioner argues that *Johnson* invalidated the Guidelines residual clause and that his prior conviction for facilitation of armed robbery cannot be categorized as a crime of violence without it, that argument fails because the Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not affect Petitioner's status as a career offender, that decision cannot serve as a basis for granting the requested collateral relief.

### III. MOTION TO HOLD CASE IN ABEYANCE

This Court is also in possession of Petitioner's request that it defer ruling on his petition until the Supreme Court accepts or denies the pending writ of certiorari in *Taylor* [Doc. 55]. He acknowledges that the Sixth Circuit held in *Taylor* that the residual provision in § 924(c)(3)(B) is not unconstitutionally vague, 814 F.3d at 376–79, and admits that decision forecloses *Johnson*-based relief from his § 924(c) conviction, but still argues that this Court should defer ruling until the Supreme Court decides whether to review the case [*Id.*]. He notes that other Circuits reached the opposite conclusion about the residual clause in § 924(c) and "the Supreme Court recently heard oral argument in an ancillary case that may also touch on the [§] 924(c) issue"—*Lynch v. Dimaya*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, No. 15-1498 (U.S. Sept. 29, 2016) [*Id.*].

4

"The question whether to stay a case pending a potentially dispositive decision is an appellate court is a pre-trial matter committed to the sound discretion of the [district court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016).

After considering the parties' arguments and circumstances of the instant case, this Court does not believe that a stay of proceedings would be appropriate. First, as previously discussed, the instant § 2255 motion is a successive petition and the Sixth Circuit expressly limited its grant of authorization to Petitioner's career offender challenge [Doc. 47 (denying leave to challenge § 924(c) conviction because Petitioner had not "made a prima facie showing that he may be entitled to relief")]. Thus, even if this Court were to defer ruling his § 2255 motion until the Supreme Court accepts or denies the writ of certiorari, Petitioner would still need to obtain authorization from the Sixth Circuit for this Court to consider the merits of Ground Two. Second, the binding effect of *Taylor* is in no way altered by the fact that other Circuits have reached the opposite conclusion about the impact of *Johnson* on § 924(c) or the fact that the Sixth Circuit reached a different conclusion in the context of 18 U.S.C. § 16(b). Nor is the binding nature of *Taylor* impacted by the existence of a pending writ of certiorari. *See, e.g.*, *United States v. Matos*, No. 3:13-cr-98, 2014 WL 1922866, at *3 (W.D. Ky. May 14, 2014) (explaining that a "district court is bound to follow the holding of a prior decision of the Court of Appeals for the circuit in which the district court is located until that binding precedent is expressly overruled." (citation omitted)); *accord D'Ambrosio v. Bagley*, 688 F. Supp. 2d 709, 721 (N.D. Ohio 2010) ("This is a district court, and it must follow binding precedent when such precedent exists.").

### IV. CONCLUSION

For the forgoing reasons, Petitioner's request to hold the case in abeyance [Doc. 55] will be **DENIED**, the United States' motion to deny and dismiss [Doc. 51] will be **GRANTED**, and

Petitioner's successive § 2255 motion [Doc. 48] will be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

  **ORDER ACCORDINGLY.**

                 /s/ Pamela L. Reeves
                 **UNITED STATES DISTRICT JUDGE**